UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOEL MARTINEZ-RIVERA, Petitioner, v. WARDEN, Adelanto ICE Processing Center, et al., Respondents. | Case No. 5:26-cv-02410-PD<br>**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**<br>**A# 246-061-180** |

On May 6, 2026, Joel Martinez-Rivera ("Petitioner"), who is detained at the Adelanto ICE Processing Center in Adelanto, California, filed a counseled petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). Dkt. No. 1, Petition.[1]

The Petition does not state facts about Petitioner's nationality, entry into the United States, or when he was detained by immigration authorities. Petitioner alleges he is currently detained by Immigration and Customs Enforcement ("ICE") at the Adelanto ICE Processing Center. Petition at 2.

[1] Attached to the Petition is an ex parte application for temporary restraining order ("TRO"). Dkt. No. 1-1. The Court denies the TRO as moot in light of the relief granted in this Order.

While detained, Petitioner requested a custody redetermination pursuant to 8 C.F.R. § 1236. *Id.* at 9. On April 14, 2026, an immigration judge ("IJ") denied Petitioner's request based on lack of jurisdiction. *See id.* The IJ's written order states in relevant part:

> The Court recognizes that the [Petitioner] is a member of the *Maldonado Bautista* class. The Court also recognizes that the District Court sought to enforce its order requiring that bond hearings be held for eligible class members under section 236. In enforcement of that order, the District Court vacated Matter of Yajure Hurtado under the APA. Yet, ultimately, that vacatur was stayed by the Ninth Circuit pending resolution of the government's appeal. That, as the Court explained at the hearing, restored Matter of Yajure Hurtado to binding precedent. . . . Yet, with the restoration of Matter of Yajure Hurtado to precedent, the Court is bound by the regulations to adhere to it. 8 C.F.R. 1003.1(g). As such, the Court cannot find jurisdiction to hear the [Petitioner's] bond request.

*Id.*

Petitioner challenges the legality and constitutionality of his continued detention without a bond hearing and seeks an order for Respondents to provide him a constitutionally compliant bond hearing before an IJ within a reasonable period of time. The Petition raises three claims: (1) his detention without an individualized bond hearing violates due process; (2) habeas jurisdiction exists to review the legality of Petitioner's detention; and (3) his detention without consideration of less restrictive alternatives is constitutionally excessive.

Respondents state that Petitioner appears to be a member of the Bond Eligible Class, and therefore subject to the judgment in *Maldonado Bautista*

*v. Santacruz*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3713987 (C.D. Cal. Dec. 18, 2025), the order enforcing the judgment, and applicable appellate proceedings related to it. Dkt. No. 9. Respondents maintain that an order requiring a bond hearing for Petitioner should be consistent with bond hearing orders issued by other courts in this District.

Petitioner did not file a reply.

In *Maldonado Bautista*, the court concluded that members of the bond eligible class are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2). That bond-eligible class is defined as: “All noncitizens in the United States without lawful status who (1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the Department of Homeland Security makes an initial custody determination.” *Bautista v. Santacruz*, 813 F. Supp. 3d 1084, 1127 (C.D. Cal. 2025). The court further found that bond eligible class members are “entitled to consideration for release on bond by immigration officers and, if not released, a custody redetermination hearing before an immigration judge.” *Maldonado Bautista v. Noem*, No. 5:25-cv-01873-SSS-BFM, 2025 WL 3678485 at *1 (C.D. Cal. Dec. 18, 2025).

As the IJ stated in his order, and Respondents concede, Petitioner is a member of the class in *Maldonado Bautista.* The Court concludes that he is thus entitled to the procedural protections that 8 U.S.C. § 1226(a) provides, including a bond hearing. Petitioner is entitled to the same form of relief that is being given to other detainees that Respondents have similarly conceded are subject to the *Maldonado Bautista* judgment. *See, e.g., Munoz v. Johnson*, No. 2:26-cv-02171-SSS, 2026 WL 905513, at *1 (C.D. Cal. Apr. 1, 2026); *Benites v. Janecka*, No. 5:26-cv-00222-SSS, 2026 WL 579160, at *1 (C.D. Cal.

Mar. 2, 2026); *Martinez v. Rios*, No. 5:26-cv-00679-SSS, 2026 WL 576010, at *1 (C.D. Cal. Mar. 2, 2026). In those cases, the Government has been ordered to bear the burden at a discretionary detention hearing before a neutral immigration judge to prove by clear and convincing evidence whether Petitioner poses a flight risk or danger to the public.

**Order**

For these reasons, the Petition is conditionally granted as to Claim Two under *Maldonado Bautista*, and the remaining claims are dismissed without prejudice as moot in light of the relief granted on Claim Two.

Within seven days of this order, Respondents are ORDERED to release Petitioner Joel Martinez-Rivera (A# 246-061-180), unless he is provided with the individualized bond hearing under 8 U.S.C. § 1226(a) due to all detainees considered subject to the *Maldonado Bautista* judgment. To meet that condition as it is being ordered for other eligible detainees under *Maldonado Bautista*, the Government bears the burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public, and the immigration judge must exercise discretion to make an individualized determination under 8 U.S.C. § 1226(a) whether Petitioner should be detained pending removal proceedings.

DATED: June 18, 2026

Patricia Donahue
United States Magistrate Judge